SCHEB, Judge.
Appellant challenges the trial court’s order holding that it had no jurisdiction on the issue of child custody under the Uniform Child Custody Jurisdiction Act. § 61.-1302, Fla.Stat. (1977).
One of the purposes of this Act is to “[ajvoid jurisdictional competition and conflict with courts of other states in matters of child custody . . . .” Id. § 61.-1304(1). In effecting this purpose, the Act recognizes that a court with jurisdiction may consider various factors in determining whether to exercise its jurisdiction. Id. §§ 61.1316, 61.1318. After examining the findings of the trial court contained in the final judgment, we interpret the court’s judgment as declining to exercise jurisdiction because of the circumstances of this case. While we conclude the trial court did have jurisdiction, we cannot say that in declining to exercise it the court abused its discretion.
*878 The trial court noted in its order that appellee had filed a prior action in Iowa seeking child custody. The court dismissed appellant’s petition without prejudice to her instituting a new petition should Iowa waive jurisdiction.
While this appeal was pending, the Iowa court vacated its judgment dissolving the Toelles’ marriage, and its subsequent orders on child custody. In light of our conclusion that the trial court did have jurisdiction, these developments may have a significant effect on whether the trial court would now exercise its discretion to hear a petition from appellant on child custody.
Accordingly, we affirm the judgment of the trial court without prejudice to appellant to reinstitute proceedings in Florida under the Uniform Child Custody Jurisdiction Act.
GRIMES, C. J., and DANAHY, J., concur.